

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN
_____
MEMBER OF
NY & NJ BAR
_____
FEDERAL MEMBERSHIP
EDNY, SDNY, & DNJ
_____
1242 EAST 80ᵀᴴ STREET, 3ᴿᴰ FLOOR
BROOKLYN, NY 11236

May 25, 2026

**Via ECF:**
Hon. Katherine Polk Failla
United States District Judge, S.D.N.Y.
40 Foley Square, Room 2103
Failla_NYSDChambers@nysd.uscourts.gov

Re: *Durand v. Springvale Nursing and Rehabilitation Center, et al.*,
Civil Action No. 1:26-cv-00016 (KPF)
Letter Motion Requesting Pre-Motion Discovery Conference

Dear Judge Failla:

This office represents Plaintiff Myriam Durand in the above-referenced action asserting claims for unpaid overtime wages, wage statement violations, and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq.*, and the New York Labor Law ("NYLL"), §§ 195, 215, and 650 *et seq.* Pursuant to Your Honor's Individual Rules of Practice, Rule 2(C)(ii), Plaintiff respectfully requests a Pre-Motion discovery conference to address Defendants' failure to respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, and Defendants' failure to produce the mandatory nursing staffing schedules that are the evidentiary centerpiece of this case. Plaintiff certifies that the meet-and-confer process occurred but was unsuccessful, as set forth below.

Pursuant to Local Civil Rule 37.2, Fed. R. Civ. P. 37(a)(1), and Rule 2(C)(ii) of the Court's Individual Rules, Plaintiff certifies that counsel conferred in good faith and made repeated efforts to resolve this dispute without Court intervention, including written deficiency letters, follow-up e-mails, and proposed telephonic conference dates. Defendants did not respond.

**Background.** Plaintiff served her First Set of Interrogatories (18 questions) and First Set of Requests for Production of Documents (32 requests) on March 23, 2026. Responses were due no later than April 22, 2026. As of the date of this letter, Defendants Springvale Nursing and Rehabilitation Center and Abdoul Abubakar have served no responses, objections, or documents in answer to either set of discovery demands. Plaintiff sent a formal deficiency letter on April 29, 2026, and a follow-up deficiency letter on May 21, 2026, both served by e-mail on defense counsel Erica C. Holder, Esq. of Yapchanyk, Prezioso & Yang. Defendants have failed to respond to either letter. On May 20, 2026, Plaintiff's counsel sent a further e-mail expressly advising that absent compliance, Plaintiff would seek judicial intervention under Fed. R. Civ. P. 37, including an order compelling discovery, evidentiary sanctions, and, if Defendants' noncompliance continued, the striking of Defendants' Answer. Defendants did not respond. Plaintiff proposed multiple specific telephonic meet-and-confer dates — May 26 at 3:00 p.m., May 27 at 10:00 a.m., and May 28 at 6:00 p.m. — and received no response whatsoever. Defendants' complete silence in the face of

 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com



repeated written demands and specific meet-and-confer offers constitutes a failure to meaningfully engage in the process required by Fed. R. Civ. P. 37(a)(1) and Your Honor's Individual Rules.

**The Discovery Sought and Why It Is Critical.** The central liability dispute is whether Defendants properly compensated Plaintiff for overtime hours she worked during her nearly two-year employment as a Registered Nurse Supervisor and Wound Care Coordinator. Defendants have already admitted in their April 23, 2026 responses to Plaintiff's Requests for Admissions that they were aware Plaintiff worked more than 40 hours per week, that they never paid her at one and one-half times her regular rate for any overtime, and that the bonus payments classified under payroll code 3832.0000 were intended to compensate her for hours worked over 40 per workweek. The outstanding interrogatory and document responses are essential to quantifying damages and completing the liability record. Among the items withheld are: complete payroll records and time-entry audit logs necessary to calculate unpaid overtime; all communications concerning Defendant Abubakar's instruction in January 2024 to exclude Plaintiff from overtime scheduling following her wage complaints — the retaliatory act at the heart of this case; and all documents relating to Plaintiff's termination on April 11, 2025, including whether it was a termination or the purported "voluntary resignation" Defendants now assert.

**The Staffing Schedule Issue — A Legally Mandated Record.** Of particular urgency is Defendants' failure to produce nursing staffing schedules. Under 10 N.Y.C.R.R. § 415.26, nursing facilities are required to retain staffing records for a minimum of seven (7) years. These schedules are not merely responsive to Plaintiff's document demands — they are legally required to exist and be retained. They bear directly on two core issues: (1) the actual hours Plaintiff worked in each workweek, independent of whatever Defendants may have entered into their timekeeping system; and (2) whether Plaintiff was uniquely excluded from overtime shift assignments after her late-2023 wage complaints, while other Registered Nurse Supervisors continued to receive such assignments. Given that these records are legally required to be maintained and are central to Plaintiff's claims, Defendants' continued failure to produce them raises substantial concerns regarding preservation, accessibility, and compliance with Fed. R. Civ. P. 37(e).

**Third-Party Subpoena Results and the Resulting Gap.** To independently obtain time and attendance records, Plaintiff served subpoenas on two third-party vendors. ADP, LLC responded that it had no responsive documents because Defendants' corporation was not an ADP client. Reliable Health Systems, Inc. responded that it could not produce the records because Defendants purchased only a software license; Reliable Health Systems does not host or retain the underlying data, which resides exclusively in Defendants' possession and control. Reliable Health Systems further advised that it would require Defendants to provide system access and configuration information before it could evaluate what records exist. The result is unambiguous: the only party with possession, custody, and control of the time and attendance records — the punch-in and punch-out data that constitute the primary evidence of hours worked — is Defendants. These records are responsive to Document Requests Nos. 9, 10, and 12, and Interrogatory Nos. 6, 7, and 8. A party cannot evade production obligations merely because responsive records are maintained through a third-party software platform where the party retains the legal right, practical ability, or administrative control necessary to obtain those records.

**Relief Requested.** Plaintiff respectfully requests that the Court schedule an informal conference at the earliest available date and, following that conference, enter an order: (1)



## T. A. BLACKBURN LAW

compelling Defendants to serve complete written responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, without objections except as to privilege, within seven (7) days; (2) compelling production of all responsive, non-privileged documents — including time and attendance records, payroll records, staffing schedules, and communications concerning Plaintiff's overtime complaints and termination — within seven (7) days; (3) deeming objections to both sets of demands waived given Defendants' failure to serve timely responses; (4) directing Defendants to provide Reliable Health Systems, Inc. with the system access and configuration information necessary for that vendor to compile responsive time records; and (5) awarding Plaintiff her reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5), or, at minimum, reserving Plaintiff's right to seek such fees and costs if Defendants fail to comply with any discovery order entered by the Court.

Plaintiff has acted promptly at every stage. The first deficiency letter issued four days after Defendants' responses were due; this letter follows weeks of unanswered correspondence and exhausted meet-and-confer efforts. The parties had been scheduled for court-ordered mediation on May 27, 2026. The initial mediation date was adjourned two weeks to allow time for third-party subpoena responses to be received. Without the time and attendance records and interrogatory responses, Plaintiff cannot confirm her damages calculations, and proceeding to mediation on the current record would be an exercise in futility. Defendants — not Plaintiff — have caused this delay.

Respectfully Submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

*See* Exhibit A (Email communications and meet and confer requests)

cc: Erica C. Holder, Esq., Yapchanyk, Prezioso & Yang (via ecf)

