**YAPCHANYK PREZIOSO & YANG**
ATTORNEYS AT LAW

550 Madison Avenue • 10th Floor
New York, NY 10022
TEL (212) 612-4200
FAX (212) 612-4284

Not a Partnership or Professional Corporation
Employees of ACE American Insurance Company, a Chubb Company

CHRISTOPHER M. YAPCHANYK
RICHARD C. PREZIOSO
LAUREN S. YANG
JUSTINA K. RIVERA

MAUREEN E. PEKNIC
ROBERT M. MAZZEI
MILES A. LINEFSKY

PETER T. MENSCHING
MICHELLE L. VIZZI
ANTHONY BOVERY
ERICA HOLDER
PETER J. CALANDRELLA
ADAM BEVELACQUA
JOHN A. SERIO

November 3, 2026

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: DURAND V. SPRINGVALE NURSING AND REHABILITATION CENTER
United States District Court, Southern District of New York
1:26-cv-00016

Dear Judge Failla,

This office represents Defendants Springvale Nursing and Rehabilitation Center and Abdoul Abubakar ("Springvale") in the above-referenced matter.

Pursuant to USCS Fed Rules Civ Proc R 6(b), we respectfully submit this letter motion seeking leave for an extension of time to answer Plaintiff's First Amended Complaint ("FAC") based on the following:

**PROCEDURAL HISTORY**

1. Plaintiff was granted leave to file an amended complaint by August 25, 2026.
2. Plaintiff filed the FAC on October 21, 2026, nearly two months after the court-ordered deadline.
3. Defendants' deadline to answer the FAC was September 25, 2026, which Plaintiff missed.
4. Defendants consented to an extension of Plaintiff's filing deadline, but Plaintiff again failed to meet the extended deadline.

5. Plaintiff subsequently filed a letter motion seeking an extension of time to file the FAC, citing a technical failure that allegedly caused the loss of all files.

6. Defendants inadvertently missed the deadline to oppose Plaintiff's letter motion, and the Court granted Plaintiff's motion without opposition.

7. Defendants now seek leave to extend their time to answer the FAC, which was filed on October 21, 2026.

**LEGAL STANDARD**

Under USCS Fed Rules Civ Proc R 6(b)(1)(B), a court may extend a deadline after it has expired if the moving party demonstrates "excusable neglect." Similarly, Rule 60(b)(1) permits relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Both rules require the Court to consider the equitable factors used by the Second Circuit in Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2003), 333 F.3d 355, 366 (2d Cir. 2003). These factors include:

1. The danger of prejudice to the non-moving party;

2. The length of the delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant; and

4. Whether the movant acted in good faith.

**ARGUMENT**

**1. Defendants' Delay Was the Result of Excusable Neglect**

Defendants' failure to timely oppose Plaintiff's letter motion and to answer the FAC was not the result of willful disregard but rather inadvertence and excusable neglect. As the Second Circuit has recognized, "excusable neglect" is an "elastic concept" that encompasses situations where deadlines are missed due to inadvertence or mistake, provided there is no evidence of bad faith. See Raymond v. IBM, 148 F.3d 63, 64 (1998), 148 F.3d 63, 66 (2d Cir. 1998).

Here, Defendants' delay was caused by an administrative oversight in calendaring the deadline to oppose Plaintiff's letter motion. Defense counsel was out of office until October 19, 2026, the date that your honor issued their decision. This oversight was compounded by the procedural irregularities surrounding Plaintiff's late filing of the FAC and the subsequent extensions. Defendants acted promptly upon discovering the missed deadlines and now seek to rectify the situation by requesting leave to answer the FAC.

**2. Plaintiff Will Not Be Prejudiced**

There is no danger of prejudice to Plaintiff if the Court grants this motion. Plaintiff has already benefitted from multiple extensions and was permitted to file the FAC nearly two months after the court-ordered deadline. Moreover, Plaintiff's claims remain pending, and granting

Defendants leave to answer will not impair Plaintiff's ability to litigate her case on the merits. See <u>Luo v. Baldwin Union Free Sch. Dist</u>., 677 Fed. Appx. 719, 720 (2d Cir. 2017) (finding no prejudice where the delay did not affect the opposing party's ability to litigate the case).

**3. The Length of the Delay Is Minimal**

The delay in filing Defendants' answer is minimal and will not disrupt the judicial proceedings. The FAC was filed on October 21, 2026, and Defendants are prepared to file their answer upon the Court's granting of this motion. Courts in this Circuit have routinely granted extensions where the delay was short and did not significantly impact the case schedule. See <u>Raymond v. IBM</u>, 148 F.3d 63, 64 (1998), 148 F.3d at 66.

**4. Defendants Have Acted in Good Faith**

Defendants have acted in good faith throughout this litigation. There is no evidence of willful misconduct or an intent to delay the proceedings. To the contrary, Defendants consented to Plaintiff's prior extension requests and are now seeking to address their own missed deadline in a manner that ensures the case proceeds on the merits. See *American Alliance Ins. Co.*, 92 F.3d at 61 (emphasizing the importance of resolving cases on their merits).

**Relief Under Rule 60(b)**

To the extent the Court's prior order granting Plaintiff's letter motion without opposition constitutes a final judgment or order, Defendants respectfully request relief under Rule 60(b)(1). The Second Circuit has held that Rule 60(b)(1) relief is appropriate where a party's failure to act was the result of excusable neglect. See <u>William v. City of New York</u>, 727 Fed. Appx. 30, 32 (2018) (2d Cir. 2018). For the reasons set forth above, Defendants' neglect was excusable, and relief is warranted to allow Defendants to answer the FAC and litigate this case on the merits.

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for an extension of time to answer the First Amended Complaint. Defendants are prepared to file their answer within twenty (21) days of the Court's order granting this motion.

We thank the Court for its consideration of this matter.

Very truly yours,
YAPCHANYK, PREZIOSO & YANG

Erica C. Holder

cc: T.A. Blackburn Law